## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**OCT 2 8 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN CARDOZA and | § | |
| DOROTHY CARDOZA | § | |
| | § | |
| · **Plaintiffs,** | § | |
| | § | |
| | § | Civil Action No. **B-02-208-** |
| V. | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | |
| **Defendant.** | § | |

## STATE FARM LLOYDS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### Procedural Background

1.       On September 6, 2002, Plaintiffs filed their Original Petition in the matter entitled *Juan Cardoza and Dorothy Cardoza v. State Farm Lloyds, Inc. d/b/a State Farm Insurance Companies*, Cause No. 2002-09-3537-C, in District Court of Cameron County, Texas 197th Judicial District.  On October 10, 2002, the parties entered in to a Rule 11 agreement under the Texas Rules of Civil Procedure agreeing that the Plaintiffs would replead against the entity State Farm Lloyds and dismiss State Farm Lloyds, Inc. as they are an improper party to this suit. Thomas Sanders of Akin Gump Strauss Hauer and Feld, L.L.P., counsel for State Farm Lloyds agreed to accept service on behalf of State Farm Lloyds.  (Exhibit A) The Rule 11 agreement was filed in the District Court of Cameron County Texas 197th Judicial District on October 21,

2002. Accordingly, this case became removable on October 10, 2002, the date upon which Plaintiffs agreed to dismiss State Farm Lloyds, Inc., an improper party, and agreed to add State Farm Lloyds, an association of underwriters, all of which are residents and citizens of the State of Illinois.

<u>Nature of the Suit</u>

2.      This lawsuit involves a dispute over the denial of insurance benefits and the handling of Plaintiffs' insurance claim arising from damage allegedly caused by plumbing leaks. Plaintiffs claim that State Farm Lloyds breached the insurance contract and violated the duty of good faith and fair dealing, the Texas Insurance Code, and the Texas Deceptive Trade Practices Act. Plaintiffs seeks actual and exemplary damages.

<u>Basis for Removal</u>

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the preponderance of evidence establishes that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties. At the time Plaintiffs filed their Original Petition, State Farm Lloyds was, and at the date of this Notice remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois. *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1541 (1994) (defining "Lloyds' Plan" insurer); *Alcorn v. State Farm Lloyds*, Civil Action No. 3:98-CV-0772-BC, 1998 U.S. Dist. LEXIS 17144, *3-*4 (N.D. Tex. Oct. 23, 1998) (recognizing that State Farm Lloyds' underwriters are citizens of Illinois). Accordingly, at the time of filing of this suit, and through the filing of this Notice, State Farm Lloyds was and is considered an Illinois citizen for diversity jurisdiction

purposes. Upon information and belief, Plaintiffs were citizens of Texas when they filed their Original Petition, and continue to be citizens of Texas.

5.    Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. When a Plaintiff does not plead· a specific amount in controversy, the court can determine whether the amount in controversy meets the jurisdictional threshold if it is either facially apparent from the petition that the damages sought likely exceed $75,000.00, or the defendant has proven by a preponderance of the evidence that the damages sought likely exceed $75,000.00. *Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (noting that, if not apparent from the face of the petition, the court can rely on facts asserted in the removal notice to support a finding of the requisite jurisdictional amount); *Cross v. Bell Helmets*, 927 F.Supp. 209, 213 (E.D. Tex. 1996) (noting that court can rely on "common experience" to determine whether amount in controversy is "facially apparent" from the Petition); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F.Supp. 469, 472 (S.D. Tex. 1995) (noting that the "court may bring common sense to bear in making the amount in controversy determination").

6.    Moreover, in determining the amount in controversy, the court may consider "policy limits . . . penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Ray*, 1999 WL 151667 at *2-3 (finding a sufficient amount in controversy in Plaintiffs's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D.

Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

7.    The policy limit for the dwelling under Plaintiffs' insurance policy (for which they seek repair) is $156,700.00  The policy limits for contents coverage is $94,020.00.  The policy limit for Additional Living Expenses is twenty percent (20%) of the policy limit for the Dwelling, which amounts to $31,340.00.  Further, the Plaintiffs seek actual and exemplary damages for their claims of breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Insurance Code, and violation of the Texas Deceptive Trade Practices Act. Specifically, Plaintiffs seek compensation for:  1) the full benefits payable under the insurance policy made the basis of the suit; (2) consequential damages for the harm suffered by the Plaintiffs in a sum as found by the trier of fact; 3) exemplary damages or enhanced damages as found by the trier of fact; 4) pre and post judgment interest and attorney's fees; and 5) costs of suit. *See* Plaintiffs' Original Petition.

Thus, given the nature of the claims brought by Plaintiffs and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

<u>The Removal is Procedurally Correct</u>

8.    State Farm Lloyds was first served the petition on September 26, 2002 and obtained a an agreement on October 10, 2002 that Plaintiffs would replead against State Farm

Lloyds. Therefore, State Farm Lloyds filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b).

9.      Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.

10.     Pursuant 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

11.     Pursuant 28 U.S.C. §1446(d), promptly after State Farm Lloyds files this Notice, written notice of the filing of this Notice for Removal will be given to Plaintiffs, the adverse party.

12.     Pursuant 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the Clerk of the District Court of Cameron County, Texas, 197th Judicial District promptly after State Farm Lloyds files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the District Court of Cameron County, Texas to the United States District Court for Southern District of Texas, Brownsville Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035



RICK H. ROSENBLUM
Attorney-in-Charge
State Bar No. 17276100
Southern District Bar No. 13015
THOMAS SANDERS
State Bar No. 00794589
Southern District Bar No. 20800

-and –

RENE OLIVEIRA
State Bar No. 15254700
Southern District Bar No. 4033
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas
Telephone: (956)542-5666
Telecopier: (956)542-0016

ATTORNEYS FOR DEFENDANT STATE FARM
LLOYDS LLOYDS

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was sent via *certified mail, return receipt requested* to the following:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas  78526-1538

on this ___ day of October, 2002.

064253.0000 SAN ANTONIO 288019 v1

# EXHIBIT A

CAUSE NO. 2002-09-3537-C

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

OCT 2 1 2002

DISTRICT COURT OF CAMERON ... CO.

| JUAN CARDOZA and<br>DOROTHY CARDOZA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | |
| Defendant. | § | 197TH JUDICIAL DISTRICT |

---

## NOTICE OF FILING RULE 11 AGREEMENT

---

PLEASE TAKE NOTICE that the attached Rule 11 Agreement has been submitted for filing with the Court in this matter.

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

RICK H. ROSENBLUM
State Bar No. 17276100
THOMAS E. SANDERS
State Bar No. 00794589

-and-

RENE O. OLIVEIRA
State Bar No. 15254700
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

#289694

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on the counsel of record by certified mail, return receipt requested, on the 21st day of October, 2002:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas  78526-1538
956-544-0561
(fax) 956-544-0562

#289694



# AKIN GUMP
# STRAUSS HAUER & FELD LLP
―――――――――――――― Attorneys at Law

THOMAS E. SANDERS
210.281.7199/fax 210.224.2855
tsanders@akingump.com

October 9, 2002

064253.

VIA FAX 956/544-0562

Mr. Denis A. Downey
Attorney at Law
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538

Re: *Juan Cardoza and Dorothy Cardoza v. State Farm Lloyds, Inc. d/b/a State Farm Insurance Companies,* Cause No. 2002-09-3537-C

Dear Mr. Downey:

I am writing in order to confirm our conversation of earlier this afternoon. As we discussed, Plaintiffs have incorrectly named State Farm Lloyds, Inc. as the Defendant in this matter, as State Farm Lloyds is the only party to the insurance contract. This letter will confirm that you have agreed to file an Amended Petition naming State Farm Lloyds as the sole defendant. You may serve me with a copy of the Amended Petition and need not engage the services of a process server. Once I am in receipt of the Amended Petition, State Farm will have two weeks to file its responsive pleadings. If I have correctly set forth the terms of our agreement, please sign where indicated below and return a copy of this letter to me for filing with the Court.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Thomas E. Sanders

TES/ek

AGREED:

Denis A. Downey                          date   O.A 10/0 2

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **JUAN CARDOZA and**<br>**DOROTHY CARDOZA** | § | |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **Civil Action No.** _____ |
| **V.** | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |
| | § | |
| **Defendant.** | § | |

---

## INDEX OF MATTERS BEING FILED

1.    JS44 Civil Cover Sheet

2.    Supplemental Cover Sheet

3.    State Farm Lloyds' Notice of Removal

4.    Exhibit A:    Copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit

5.    Exhibit B:    A list of counsel of record.

# EXHIBIT "A"

FILED 4.15 O'CLOCK
AURORA DE LA GARZA DIST. CLRK

OCT 21 2002

Jessica Alvion

CAUSE NO. 2002-09-3537-C

| | | |
|---|---|---|
| JUAN CARDOZA and DOROTHY CARDOZA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
| | § | |
| Defendant. | § | 197TH JUDICIAL DISTRICT |

## NOTICE OF FILING RULE 11 AGREEMENT

PLEASE TAKE NOTICE that the attached Rule 11 Agreement has been submitted for filing with the Court in this matter.

Respectfully submitted,

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

RICK H. ROSENBLUM
State Bar No. 17276100
THOMAS E. SANDERS
State Bar No. 00794589

-and-

RENE O. OLIVEIRA
State Bar No. 15254700
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

#289694

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on the counsel of record by certified mail, return receipt requested, on the 21st day of October, 2002:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561
(fax) 956-544-0562

#289694

10/10/2002  11:29  956344  12    DENIS A DOWNE    PAGE 01
10/09/2002 17:44 FAX    @002



# AKIN GUMP
# STRAUSS HAUER & FELD LLP

─────────── Attorneys at Law

THOMAS E. SANDERS
210.281.7139/fax 210.224.2035
tsanders@akingump.com

October 9, 2002

VIA FAX 956/544-0562

064253.

Mr. Denis A. Downey
Attorney at Law
1185 FM 802, Suite 3
Brownsville, Texas 78526-1538

Re: *Juan Cardoza and Dorothy Cardoza v. State Farm Lloyds, Inc. d/b/a State Farm Insurance Companies*, Cause No. 2002-09-3537-C

Dear Mr. Downey:

I am writing in order to confirm our conversation of earlier this afternoon. As we discussed, Plaintiffs have incorrectly named State Farm Lloyds, Inc. as the Defendant in this matter, as State Farm Lloyds is the only party to the insurance contract. This letter will confirm that you have agreed to file an Amended Petition naming State Farm Lloyds as the sole defendant. You may serve me with a copy of the Amended Petition and need not engage the services of a process server. Once I am in receipt of the Amended Petition, State Farm will have two weeks to file its responsive pleadings. If I have correctly set forth the terms of our agreement, please sign where indicated below and return a copy of this letter to me for filing with the Court.

Should you have any questions or concerns, please do not hesitate to contact me.

Sincerely,

Thomas E. Sanders

TES/ek

AGREED:

Denis A. Downey                    date  OcA-10/0 2

FILED 10:26 O'CLOCK ___
AURORA DE LA GARZA DIST. CLERK

SEP 0 6 2002

DISTRICT COURT OF CAMERON COUNTY TE___
BY _____ DEPUTY

CAUSE NO. _2002-09-3537-C_

| | | |
|---|---|---|
| JUAN CARDOZA AND | } | IN THE DISTRICT COURT OF |
| DOROTHY CARDOZA | } | |
|     Plaintiffs | } | |
| | } | |
| VS | } | CAMERON COUNTY, TEXAS |
| | } | |
| STATE FARM LLOYDS, Inc. d/b/a STATE | } | |
| FARM INSURANCE COMPANIES | } | _197th_ JUDICIAL DISTRICT |
|     Defendant | } | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiffs complain of STATE FARM LLOYDS, INC. D/B/A STATE FARM INSURANCE COMPANIES, Defendant(s) herein collectively referred to as "STATE FARM," and for cause of action show:

I.

### DISCOVERY LEVEL

    Plaintiffs plead that discovery should be conducted in accordance with a discovery control plan under Civil Procedure Rule 190.3, Level 2.

II.

### PARTIES AND SERVICE OF CITATION

    Plaintiffs reside in Cameron County, Texas where all causes of action arose. Defendant(s) State Farm is an insurance company doing business in the State of Texas and may be served with service of citation by serving their attorney for service:

    Bobby Glynn Jeffus / State Farm Lloyds, Inc.
    17301 Preston Rd.

Dallas, Texas 75252

## III.

## CONTRACT OF INSURANCE

Defendant State Farm issued a homeowners insurance policy naming Plaintiffs as an insured, said insurance covering Plaintiffs' residence located at 1901 Westminster, Brownsville, Cameron County, Texas. Plaintiffs' home was a large, three-bathroom home located in one of Brownsville's better neighborhoods.

## IV.

## THE LOSS

In the Spring of 2002 Plaintiffs suffered a loss as defined under the relevant homeowners policy of insurance. The cause of the loss was leaking plumbing which had produced severe mold and bacterial growth. The loss was discovered because of respiratory problems being experienced by Plaintiff Dorothy Cardoza in early 2002. In that regard Plaintiffs would show that Plaintiff Dorothy Cardoza, at all relevant times a disabled person as defined by federal law, was being treated for a serious heart condition and for cancer and that it was only because of medical input that Plaintiffs decided to investigate the possibility of mold presence in their home as the cause of what were increasingly more significant respiratory problems, which included nasal bleeding. Because Plaintiffs' home was rather new and extremely well maintained Plaintiffs were skeptical about the possible mold etiology of Plaintiff Dorothy Cardoza's increasingly severe respiratory problems. Accordingly, before considering any sort of insurance claim, Plaintiffs hired the entity thought to be one of the most reputable in the area of mold treatment, an entity known to have performed work for both the government of the United States and the State of Texas. With very little difficulty Plaintiffs

2

were almost immediately able to obtain an inspection and lab reports through such entity, same substantiating the presence of a severe mold and bacterial infestation and providing estimates on cost of repairs. Upon receipt of such lab reports Plaintiffs contacted defendant State Farm and provided said defendant with detailed documentary evidence concerning the aforementioned mold/bacteria problem. At such time Plaintiffs had the reasonable expectation, and contractually mandated right, that their claim would be promptly and fairly addressed by Defendant, especially since Defendant's agent was specifically aware of the severe health problems from which Dorothy Cardoza suffered.

## V.

Rather than a prompt, fair settlement process, Plaintiffs were met with indifference and incompetence. After State Farm insisted on using its own designated entity to re-assess the mold problem existing in Plaintiffs' home (which had already been established by a very reputable mold entity), samples were collected by State Farm's mold expert. When, however, more than thirty days had passed since the State Farm inspection without a report being proffered by State Farm, Plaintiffs contacted their State Farm agent to inquire as to the status of the State Farm mold report and of Plaintiffs' claim per se. At that time representations were made by State Farm to Plaintiffs that no report was yet available. In response, Plaintiffs then immediately directly contacted State Farm's mold expert and learned that the report had in fact long since been prepared. Plaintiffs thereupon themselves had the State Farm mold report delivered to State Farm. Such State Farm ordered report confirmed severe mold and bacterial infestation. Because of the very serious nature of the problem, Plaintiffs were then required to move out of their upscale home and seek temporary living quarters. Initially Plaintiffs relocated to a local hotel. At such time Plaintiffs believed that State Farm would quickly resolve Plaintiffs' claim and would promptly pay for Plaintiffs' home remediation. After

3

many weeks had gone by, during which Plaintiffs were forced to live out of their suitcases, and during which time it was becoming more apparent that State Farm had little interest in fairly and quickly resolving Plaintiffs' claim, Plaintiffs finally located a furnished condominium, however, such condominium was some 20 miles from Brownsville. Although Plaintiffs had been instructed to move out of their mold-infested home by State Farm and had been told that State Farm would pay for those relocation and other loss-related costs covered by the relevant policy of insurance, State Farm thereafter routinely refused to reimburse Plaintiffs for reasonable living expenses (refusing, for example, to pay food service tips while Plaintiffs were forced to live in the aforementioned hotel). State Farm also lost all of the first set of invoices which Plaintiffs had carefully kept and delivered to State Farm to document Plaintiffs' covered expenses. To add insult to injury, State Farm's agent, rather than being the much advertised sympathetic "Good Neighbor" to Plaintiffs, instead expressed overt hostility and at one time stated to Plaintiffs that the State Farm agent was "disappointed" that Plaintiffs were making the claims in question.

As days turned into weeks and weeks to months, State Farm continued to do nothing other than to not pay or reimburse covered expenses and to not fairly and promptly process Plaintiffs' claim. Apparently Defendant had adopted the policy of stonewalling insureds who had mold claims, hoping to either not pay such claims fairly or not pay them at all. Further, when State Farm later arranged for a female engineer to conduct another inspection of the Cardoza home, such female engineer and a male State Farm adjuster named Mike Yates disappeared together during the "inspection" and were located only more than fifteen minutes later together talking in hushed tones in one of the Cardoza's three bathrooms. Two months after Brown's "inspection" no report had been generated.

4

Additionally, State Farm refused to co-sign the lease needed to rent the residential premises where Plaintiffs had moved to (with State Farm's consent), after their hotel stay and State Farm later made rent checks payable in such a fashion as the landlord would not accept the checks as written by State Farm. Further, State Farm then did not pay Plaintiffs' reasonable travel expenses based on either mileage or actual transportation expenses incurred, although having first authorized the rental of such premises, falsely calculating the extra distances traveled by Plaintiffs and falsely later asserting that Plaintiffs were trying to be reimbursed for both mileage and actual travel expenses. In that regard Plaintiffs would show that Plaintiff Juan Cardoza and Plaintiff Dorothy Cardoza's daughter worked in Brownsville, drove to work in Brownsville daily, and accordingly knew exactly the number of extra miles being driven by household members.

Further, Plaintiffs say that State Farm initially falsely understated to Plaintiffs the amount of insurance coverage which existed under the relevant policy of insurance. Such misrepresentations caused Plaintiffs great anxiety since Plaintiffs feared that policy limits would be exhausted before State Farm paid the claim and the Cardoza home made livable. In such scenario Plaintiffs would be unable to afford alternate housing since during this time Plaintiffs were having to make the mortgage payments on their home, and pay the utilities and cost of maintenance on such mold infested home. If policy benefits ran out, Plaintiffs would therefore not themselves have had the financial resources to be able to rent another premises and would have been forced to return to their unremediated home or live in a city shelter. Because of Plaintiff Dorothy Cardoza's poor health, both Plaintiffs suffered extreme emotional distress.

VI.

Plaintiffs say that all conditions precedent have occurred or have been performed with respect

to the bringing of this suit or for the recovery of the relief sought herein. In that regard Plaintiffs would show that their damages will, or have already exceeded policy limits and that every day that Plaintiffs are unable to return to their home that the expenses incurred thereby would have to be borne by Plaintiffs and that it was therefore necessary to immediately bring this suit.

## VII.

## UNFAIR SETTLEMENT PRACTICES

After having received timely notice of the Plaintiffs losses, same clearly covered by the parties' contract of insurance, all as set out in the preceding paragraphs of this petition, Plaintiffs say that Defendant engaged in several unfair settlement practices, as enumerated and declared unfair or deceptive in Article 21.21, §4(10) of the Texas Insurance Code and Section 17.46(b) of the Texas Business and Commerce Code, including but not limited to the following:

a.   Misrepresenting the policy provisions relating to coverage of the insurance contract made the basis of this Suit.

b.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiffs claim once the Defendant's liability became reasonably clear; and

c.   Refusing to pay the certain losses without first conducting a reasonable investigation of the matter.

Plaintiffs will show that these acts and omissions of Defendant were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Plaintiffs request that the trier of fact award the Plaintiffs additional damages of up to three times the sum of actual damages suffered.

## VIII.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

From and after the time the Plaintiffs' claim was presented to State Farm, the Defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny or delay payment of the Plaintiffs losses sought to be reimbursed by Plaintiffs under the relevant policy of homeowner's insurance, Defendant State Farm refused to adjust and promptly pay the Plaintiffs' losses as the policy required. At that time, the Defendant State Farm knew or should have known by the exercise of reasonable diligence that its liability to pay for such losses was reasonably clear. In this regard, the Plaintiffs would show that the Defendant State Farm failed to conduct a reasonable, prompt, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid fairly and fully paying a valid claim

Consequently, Plaintiffs say that Defendant State Farm breached its duty to deal fairly and in good faith with the Plaintiffs. Plaintiffs further say that Defendant State Farm's aforementioned breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiffs as more specifically described below.

## IX.

## BREACH OF CONTRACT

Plaintiffs say that Defendant State Farm failed to timely pay the losses suffered by the Plaintiffs as it agreed to under its homeowners policy. Therefore, Plaintiffs say that Defendant State Farm breached its contract with Plaintiff in failing to timely pay for Plaintiffs losses as required by

the relevant policy of insurance. Plaintiffs say that Defendant State Farm's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff as more specifically described below.

## X.

## ACTUAL DAMAGES

Plaintiffs say that Defendant's wrongful conduct as set out hereinabove conduct in this petition was the producing and proximate cause of harm to the Plaintiff in a least the following respects:

a.    Plaintiffs lost the benefits and protections afforded by the policy of insurance purchased from the Defendant;

b.    Plaintiffs suffered mental anguish stemming from the Defendant's wrongful conduct as described above. Plaintiffs were unable, within a reasonable length of time, to live normal lives, in their own home, with the amenities therein available, and were forced to drive excessive distances to work. Plaintiffs were also forced to reconstruct expense records lost by Defendant and were forced to live in the constant fear of being evicted from Plaintiffs' rented condominium because of State Farm's refusal to issue rental checks to either Plaintiffs or in a a form acceptable to the relevant real estate agency in charge of the rental unit;

c.    Because of the conduct of Defendant, Plaintiffs have been compelled to engage the services of attorneys to prosecute this action. Plaintiffs say that they are entitled to recover a reasonable sum for the necessary services of attorneys in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court, same being provided for in the Texas Insurance Code and Deceptive Trade Practices Act.

WHEREFORE, the Plaintiffs request that Defendant be cited to appear and answer and, on final trial of this cause, the Plaintiffs recover judgment against the Defendant for the following:

1.    The full benefits payable under the insurance policy made the basis of this suit;

2.    Consequential damages for the harm suffered by the Plaintiffs and described in this petition in a sum as found by the trier of fact (which Plaintiffs allege to be within the jurisdictional limits of the court);

3.    Exemplary damages or enhanced damages as found by the trier of fact;

4.    Pre and post judgment interest and attorney's fees;

7.    Costs of suit,

8.    Such other and further relief to which the Plaintiffs may be justly entitled.

Respectfully Submitted,

DENIS A. DOWNEY
State Bar No. 06085500
Federal No. 1186    *5701*
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561 / 956-544-0562 (FAX)

9

```
RUN DATE 10/25/02                                                          PAGE: 01
RUN TIME  4:30 PM
                                                                    2002-09-003537-C

           *  *  *  *  C L E R K ' S   E N T R I E S  *  *  *  *        09   06   02

                      00005901                    (06)
                      HON. DENIS A. DOWNEY
JUAN CARDOZA AND DOROTHY CARDOZA   1185 F.M. 802, SUITE 3       BREACH OF CONTRACT
                                   BROWNSVILLE, TX   78526 1538
               VS

STATE FARM LLOYDS, INC D/B/A STATE FARM INC. COMPAN


                      09/06/02  ORIGINAL PETITION FILED
                      09/17/02  CITATION (CM): STATE FARM LLOYDS, INC.
                      09/17/02       SERVED: 09/26/02   FILED: 10/01/02
                      10/21/02  NOTICE OF FILING RULE 11 AGREEMENT  /JC
```

No. 2002-09-003537-C          ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: STATE FARM LLOYDS, INC.
    BY SERVING THEIR ATTORNEY
    BOBBY GLYNN JEFFUS
    17301 PRESTON RD.
    DALLAS, TEXAS 75252

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on SEPTEMBER 17, 2002. A copy of same accompanies this citation.

The file number of said suit being No. 2002-09-003537-C.

The style of the case is:

JUAN CARDOZA AND DOROTHY CARDOZA
VS.
STATE FARM LLOYDS,INC D/B/A STATE FARM INC. COMPAN

Said petition was filed in said court by _____HON. DENIS A. DOWNEY_____ (Attorney for _____PLAINTIFF_____), whose address is 1185 F.M. 802, SUITE 3 BROWNSVILLE, TX 78526-1538

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 17th day of SEPTEMBER, A.D. 2002.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

_____, Deputy
RLJ

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

BOBBY GLYNN JEFFUS

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
BOBBY GLYNN JEFFUS
Street, Apt. No.; or PO Box No. 17301 PRESTON RD.
City, State, ZIP+4 DALLAS, TEXAS 75252

PS Form 3800, January 2001          See Reverse for Instructions

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
|---|---|
| ADDRESS | |
| CITY | STATE | ZIP |

I hereby certify that on the <u>17th</u> of <u>SEPTEMBER 2002</u>, I mailed to

　　　STATE FARM LLOYDS, INC.

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. _____323902_____
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

_____AURORA DE LA GARZA_____, District Clerk
Cameron County, Texas

_____Mary M. Conejo_____, Deputy
RLJ

RUN DATE ●S
RUN TIME ●S

CASE NO.   PAGE: 01
2002-09-003537-C

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

| DATE OF FILING | | |
|---|---|---|
| MONTH | DAY | YEAR |
| 09 | 06 | 2 |

JURY FEE $

PAID BY

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| JUAN CARDOZA AND DOROTHY CARDOZA | 00005901<br>HON. DENIS A. DOWNEY<br>1185 F.M. 802, SUITE 3<br>BROWNSVILLE, TX    78526 1538 | (06)<br><br>BREACH OF CONTRACT |
| VS | | |
| STATE FARM LLOYDS,INC D/B/A STATE FARM INC. COMPAN | | |

COURT'S DOCKET (Rule 26, TRCP)

| DATE OF ORDERS | |
|---|---|
| | |

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

RUN DATE
RUN TIME **◦S**

CASE NO.    PAGE: 01

2002-09-003537-C

| | DATE OF FILING | |
|---|---|---|
| MONTH | DAY | YEAR |
| 09 | 06 | 02 |

JURY FEE $

PAID BY

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| JUAN CARDOZA AND DOROTHY CARDOZA<br><br>VS<br><br>STATE FARM LLOYDS, INC D/B/A STATE FARM INC. COMPAN | 00005901<br>HON. DENIS A. DOWNEY<br>1185 F.M. 802, SUITE 3<br>BROWNSVILLE, TX    78526 1538 | (06)<br><br>BREACH OF CONTRACT |

COURT'S DOCKET (Rule 26, TRCP)

DATE OF ORDERS

# EXHIBIT "B"

064253.0000 SAN ANTONIO 288019 v1

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN CARDOZA and<br>DOROTHY CARDOZA | § § § | |
| Plaintiffs, | § § § | |
| | § | Civil Action No. B-02-208 |
| V. | § § | |
| STATE FARM LLOYDS | § § | |
| Defendant. | § § | |

---

### LIST OF ALL COUNSEL OF RECORD

---

Party

Attorney(s)

Plaintiffs:
Juan Cardoza and
Dorothy Cardoza

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas  78526-1538
Telephone:  (956) 544-0561
Telecopier:  (956) 544-0562

Defendant:
State Farm Lloyds

Rick H. Rosenblum
Thomas Sanders
AKIN, GUMP, STRAUSS, HAUER & FELD,
L.L.P.
300 Convent, Suite 1500
San Antonio, Texas 78212
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

René Oliveira
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78529-8786
Telephone: (956) 542-5666
Telecopier: (956) 542-0016

2

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| **JUAN CARDOZA and** | § |
| **DOROTHY CARDOZA** | § |
| | § |
| **Plaintiffs,** | § |
| | § |
| | § Civil Action No. **B-02-208** _____ |
| **V.** | § |
| | § |
| **STATE FARM LLOYDS** | § |
| | § |
| **Defendant.** | § |

---

**LIST OF ALL COUNSEL OF RECORD**

---

Party                          Attorney(s)

Plaintiffs:                    Denis A. Downey
Juan Cardoza and              1185 F.M. 802, Suite 3
Dorothy Cardoza               Brownsville, Texas 78526-1538
                              Telephone: (956) 544-0561
                              Telecopier: (956) 544-0562


Defendant:                    Rick H. Rosenblum
State Farm Lloyds             Thomas Sanders
                              AKIN, GUMP, STRAUSS, HAUER & FELD,
                              L.L.P.
                              300 Convent, Suite 1500
                              San Antonio, Texas 78212
                              Telephone: (210) 281-7000
                              Telecopier: (210) 224-2035

                              René Oliveira
                              ROERIG, OLIVEIRA & FISHER, L.L.P.
                              855 West Price Road, Suite 9
                              Brownsville, Texas 78529-8786
                              Telephone: (956) 542-5666
                              Telecopier: (956) 542-0016

064253.0000 SAN ANTONIO 288005 v1