IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 1 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN CARDOZA and DOROTHY CARDOZA | § § § § § | |
| Plaintiffs, | § | |
| V. | § § § | Civil Action No. B-02-208 |
| STATE FARM LLOYDS | § § | |
| Defendant. | § | |

## STATE FARM LLOYDS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant State Farm Lloyds replies to Plaintiffs' Original Answer as follows:

### ANSWER

1.　Although no response is required, State Farm Lloyds denies the allegations in Paragraph I of the Original Petition because Rule 190.3 of the Texas Rules of Civil Procedure does not apply here.

2.　State Farm Lloyds admits the assertions contained in Paragraph II but denies that State Farm Lloyds, Inc. D/B/A State Farm Insurance is a proper party. State Farm Lloyds, Inc. is not a party to the insurance contract in question and is not liable in the capacity sued, and, consequently is an improper party. State Farm Lloyds, the proper party, is not incorporated as State Farm Lloyds, Inc. as alleged.

1

291521 v1

3. State Farm Lloyds Lloyds admits that it issued a homeowners insurance policy to Juan Cardoza and Dorothy Cardoza for their residence at 1901 Westminster, Brownsville. Otherwise, State Farm Lloyds is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph III.

4. State Farm Lloyds admits that Plaintiffs reported a claim and that Plaintiffs had hired an entity to inspect their residence, otherwise, State Farm Lloyds is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph IV.

5. State Farm Lloyds admits that it obtained Brown Engineering to investigate the air quality in the Plaintiffs' residence, that Plaintiffs moved out of their residence, that State Farm Lloyds paid additional living expenses, and that it subsequently reimbursed tip expenses. Otherwise, State Farm Lloyds is without information or sufficient knowledge to form a belief as to the truth of the assertions contained in paragraph V.

6. State Farm Lloyds denies the assertions in paragraph VI based upon information and belief.

7. State Farm Lloyds denies the assertions in paragraph VII.

8. State Farm Lloyds denies the assertions in paragraph VIII.

9. State Farm Lloyds denies the assertions in paragraph IX.

10. State Farm Lloyds denies the assertions in paragraph X.

## AFFIRMATIVE DEFENSES

11. The Petition, in whole or in part, fails to state a cause of action.

12. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

13. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take measures to protect the property from further damage or to prevent ensuing damage, including the growth of any mold. Therefore, Plaintiffs breached their contractual obligations and prejudiced State Farm Lloyds. Moreover, Plaintiffs assumed the apparent risks and Plaintiffs waived and/or are estopped from asserting any claim related to such risks.

14. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take reasonable measures to repair the asserted leaks and associated damage. Therefore, Plaintiffs breached their contractual obligations and prejudiced State Farm Lloyds. Moreover, Plaintiffs assumed the apparent risks and Plaintiffs waived and/or are estopped from asserting any claim related to such risks.

15. Plaintiffs' claims are barred, in whole or in part, because conditions precedent to Plaintiffs' recovery have not occurred. For example, and without limitation, Plaintiffs failed to provide written notice prior to suit as required by Article 21.21 of the Texas Insurance Code and by § 17.505(a) of the Texas Business and Commerce Code (Texas DTPA).

16. Plaintiffs failed to comply with all conditions precedent to their right to recover under the homeowners insurance policy in that they failed to prove that the alleged loss was a covered loss, or they failed to segregate the portion of the alleged loss which they claim was covered from the portion of the alleged loss which they do not assert was covered as required under the doctrine of concurrent causation.

291521 v1

17. Pursuant to the following exclusions, the homeowner's insurance policy issued to Plaintiffs does not cover or excludes the Plaintiffs' loss if caused by:

> "f. We do not cover loss caused by:
>
> (1) wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself...
>
> (2) rust, rot, mold or other fungi.
>
> (3) dampness of atmosphere, extremes of temperature.
>
> (4) contamination...
>
> h. We do not cover loss under cover A (Dwelling) caused by settling, cracking, bulging, shrinkage or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.
>
> i. We do not cover loss caused by or resulting from flood, surface water, waves, tidal water or tidal waves, overflow of streams or other bodies of water or spray from any of these whether or not driven by wind...."

The foregoing exclusions apply in this cause.

18. Plaintiffs' losses, if any, are subject to an offset in the amount of any reimbursement to Plaintiffs as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance or other health benefits plan.

19. Any award to Plaintiffs must be offset by all prior payments made by State Farm Lloyds for access, repair, and additional living expenses ("ALE") if any.

291521 v1

20. Plaintiffs' claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiffs or others. Accordingly, Plaintiffs' claims are barred or must be reduced under the doctrine of contributory or comparative fault.

21. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages and/or injuries, if any, were the result of conduct of Plaintiffs, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening, and superseding causes of the alleged damages and/or injuries.

22. Pleading further and in the nature of affirmative defenses, State Farm asserts that Plaintiffs' claims are barred, in whole or in part, pursuant to the conditions and obligations under the insurance policy issued to Plaintiffs:

> "(3) <u>Duties After Loss</u>
>
> a. **Your duties after loss.** In case of a loss to covered property caused by a peril insured against, you must:
>
> (1) give prompt written notice to us of the facts relating to the claim.
>
> ...
>
> (3) (a) protect the property from further damage.
>
> (b) make reasonable and necessary repairs to protect the property.
>
> (c) keep an accurate record of repair expenses."
>
> 10. Suit Against Us. No suit or action can be brought unless the policy provisions have been complied with.

291521 v1

23. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' failure to mitigate their damages.

24. Plaintiffs' damages, if any, must be offset by the amount of the applicable policy deductibles.

25. Plaintiffs' actual damages, if any, must be limited by the amount set forth in the policy limitations provisions of their policy.

26. Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code § 41.008.

27. Plaintiffs' claims for punitive damages against State Farm cannot be sustained because under Texas law, an award of punitive damages without proof of every element beyond a reasonable doubt would violate State Farm's right under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

28. Plaintiffs' claims for punitive damages against State Farm cannot be sustained, because an award of punitive damages under Texas law for the purposes of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

29. State Farm Lloyds hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this pleading to assert such defenses.

## PRAYER

WHEREFORE, State Farm Lloyds requests that Plaintiffs take nothing by way of their claims, that judgment be entered in its favor, dismissing the Complaint in its entirety and awarding State Farm Lloyds its costs and disbursements and such other relief to which it may be entitled.

DATED: _____.

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD, L.L.P.**
1500 Bank of America Plaza
300 Convent
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

By: _/s/ Rick H. Rosenblum w/permission_  _/s/ René O. Oliveira_
Rick H. Rosenblum
Attorney-In-Charge
State Bar No. 17276100
Southern District Bar No. 17991
Thomas Sanders
State Bar No. 00794589
Southern District Bar No. 20800

-and-

René O. Oliveira
State Bar No. 15254700
Southern District Bar No. 4033
**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownville, Texas 78520-8718
Telephone:    (956) 542-5666
Facsimile:    (956) 542-0016

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

7

291521 v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon counsel of record, via certified mail return receipt requested on this 1st day of November, 2002:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561
(fax) 956-544-0562

_____
Thomas Sanders  by permission
Rene O. Oliveira