IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN CARDOZA AND DOROTHY CARDOZA<br>Plaintiffs,<br><br>VS.<br><br>STATE FARM LLOYDS<br>Defendant. | §<br>§<br>§<br>§  02-CV-00208<br>§<br>§<br>§<br>§ |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The parties have conferred by telephone and in writing by exchanging proposed Joint Discovery/Case Management Plans on various dates, including January 15, 2003, January 16, 2003, and January 20, 2003.

   Denis A. Downey, Attorney for Plaintiffs.

   Elizabeth Provencio, Attorney for Defendant.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   There are no cases directly related to this one.

3. Briefly describe what this case is about.

   This is a suit for breach of contract, bad faith, breach of statutory duties, and other alleged loss arising out of the adjustment of claims made for water and mold damage at the Plaintiffs' house.

4. Specify the allegation of federal jurisdiction.

   Defendant State Farm Lloyds alleges diversity jurisdiction.

5. Name the parties who disagree and the reasons.

   Plaintiff believes that there is federal jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   None.

7. List anticipated interventions.

   None at this time.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Plaintiffs will serve initial disclosures by February 19, 2003.

   Defendant will serve initial disclosures by February 19, 2003.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all materials raised in Rule 26(f).

    Defendant requests that depositions on written questions not be counted against any limitt on depositions that my be imposed by the Court. Defendant also requests that Plaintiffs authorize the release of their medical records if they are claiming that their house is untenantable. Further, Defendant also requests that the Court set a pre-trial hearing regarding the qualifications of expert witnesses.

    B. When and to whom the plaintiffs anticipate they may send interrogatories.

    Plaintiffs will send interrogatories to Defendant within 30 days of the Scheduling Conference in this case.

    C. When and to whom the defendants anticipate it may send interrogatories.

    Defendants sent interrogatories to Plaintiffs on January 16, 2003.

    D. Of whom and by when the plaintiffs anticipate taking oral depositions.

    Plaintiffs will take the depositions of all experts designated by Defendants within thirty days after designation. Plaintiffs will take the deposition of all adjusters and the agent who sold the policy within 90 days of trial. Plaintiffs will take the depositions of Defendants, and fact witnesses identified by the Defendant, and any plumber, contractor, indoor air quality

specialist, HVAC company, or other third party who performed work at or on the Plaintiffs' house at Plaintiffs' request during the time Plaintiffs have been insured with Defendant State Farm Lloyds before September 13, 2003.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendants will take the depositions of all experts designated by Plaintiffs within 30 to 60 days after they are designated. Defendants will take the depositions of the Plaintiffs, any fact witnesses identified by the Plaintiffs, and any plumber, contractor, indoor air quality specialist, HVAC company, or other third party who performed work at or on the Plaintiffs" house at Plaintiffs' request during the time Plaintiffs have been insured with Defendant State Farm Lloyds before September 13, 2003.

F. When the plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiffs will designate experts and provide their reports by June 13, 2003. Defendants will designate experts and provide their reports by July 13, 2003.

G. List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiffs will take the depositions of all experts designated by Defendant within 60 days after designation.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates taking the deposition of each expert designated by Plaintiffs. Defendant anticipates it will take 30 to 60 days after Plaintiffs have identified their experts to coordinate and schedule the requested depositions of Plaintiffs' experts. Based upon this estimate, Defendants should be able to complete the depositions of Plaintiffs' experts by August 13, 2003.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Defendants have served interrogatories and requests for production.

13. State the date the planned discovery can reasonably be completed.

   The parties believe discovery can be completed by September 13, 2003.

14. Describe the possibilities for a prompt settlement of resolution of the case that were discussed in your Rule 26(f) meeting.

   Defendant believes mediation may be appropriate in this case after the completion of the Plaintiffs' depositions and the depositions of Plaintiffs' expert witnesses, but contend mediation is not appropriate at this time.

   Plaintiffs believe mediation is appropriate now.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   The parties have had some communication about the suit and will continue to discuss the possibility of settlement.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   The parties believe that if alternative dispute resolution becomes appropriate in this case, mediation would be the most effective and appropriate option.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The defendant and Plaintiffs do not agree to trial before the magistrate judges at this time.

18. State whether a jury demand has been made and if it was made on time.

   A jury demand was made and it was timely.

19. Specify the number of hours it will take to present the evidence in this case.

   Plaintiffs anticipate 40 hours of testimony.

   Defendant anticipates 45 to 55 hours of testimony.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   None.

21. List other motions pending.

None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and nay amendments.

Plaintiffs will file their Disclosure of Interested Parties on September 12, 2002.

Defendant filed its Disclosure of Interested Parties on November 12, 2002.

24. List the names, addresses and telephone numbers of all counsel.

Counsel for Plaintiffs:

Mr. Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
Telephone: (956) 544-0561
Telecopier: (956) 544-0562

Counsel for Defendant:

Rick H. Rosenblum
Thomas Sanders
Elizabeth Provencio
Akin Gump Struass Haur & Feld, LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Telephone: (210) 281-7000
Telecopier: (210) 224-2035

_____
Counsel for Plaintiffs

Jan 23/03
Date

S/Elizabeth Provencio
Counsel for Defendant (by Permission)

Jan 23/03
Date